IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-60-FL-1
No. 5:17-CV-230-FL

| | |
|---|---|
| SHAWN TEMIA STRAIN, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 37). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 41). The issues raised are ripe for ruling. For the reasons that follow this court dismisses petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On May 13, 2014, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to possession with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). On October 7, 2014, this court sentenced petitioner to 180 months' imprisonment. Petitioner did not appeal his judgment.

On May 8, 2017, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, arguing that in light of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), he is no longer a career offender. In its motion to dismiss, the government argues that

petitioner's § 2255 motion should be dismissed for failure to state a claim upon which relief can be granted.

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

1.  Motion for counsel

Petitioner has requested counsel to be appointed "to take over the petition for relief" because "petitioner is a laymen at the law." (DE 37 at 1). There is no constitutional right to counsel in section 2255 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions[.]"); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). Petitioner has failed to demonstrate circumstances warranting the appointment of counsel. Consequently, petitioner's motion for appointment of counsel must be denied.

2. Motion to Vacate

In his sole claim, petitioner argues that in light of Mathis, he is no longer a career offender. (See DE 37 at 2). In particular, petitioner contends that Mathis requires this court to vacate his sentence because his North Carolina drug convictions can no longer serve as career offender predicates. (Id.).

a. Petitioner's Mathis claim is untimely.

Petitioner's Mathis claim is untimely, and therefore, it must be dismissed. A one-year period of limitation applies to § 2255 motions. See 28 U.S.C. § 2255(f). The limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In this case, petitioner's judgment was entered on October 7, 2014. (See DE 35). Judgment became final after the time period for appeal expired in October 2014, and the limitation period ran until October 2015. See Fed. R. App. P. 4(b)(1)(A) (providing that a defendant must file a notice of appeal within 14 days after the entry of judgment). Petitioner filed the instant § 2255 motion on May 8, 2017. (See DE 37). Thus, petitioner was more than one year out-of-time under § 2255(f)(1).

Petitioner has also failed to show that his claim is timely pursuant to § 2255(f)(3) for two reasons. First, Mathis did not set forth a new rule of constitutional law. See Mathis, 136 S. Ct. at

2257 (indicating its decision was based on longstanding precedent); see also United States v. Saunders, Nos. 7:09CR00021-01, 7:16CV81214, 2017 WL 1612542, at *3 (W.D. Va. Apr. 28, 2017) (concluding that Mathis did not announce a new rule of law). Second, the Supreme Court has not made Mathis retroactively applicable to cases on collateral review. See Mathis, 136 S. Ct. at 2243; see also In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) on the basis that the movant failed to make a prima facie showing that Mathis set forth a new rule of constitutional law that has been made retroactive to cases on collateral review). Therefore, petitioner has not satisfied § 2255(f)(3).

Petitioner also fails to show that he is entitled to equitable tolling. In order to prevail on an equitable tolling theory, a petitioner must demonstrate that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (framing the inquiry as a three-part test where an otherwise time-barred petitioner must show: (a) extraordinary circumstances, (b) beyond his control or external to his own conduct, (c) that prevented him from making a timely filing).

Petitioner presents no extraordinary circumstances that prevented him from filing a timely § 2255 claim. See, e.g., Lawrence v. Florida, 549 U.S. 327, 336–37 (2007) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Sosa, 364 F.3d at 512 (holding that ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); Rouse v. Lee, 339 F.3d 238, 248–50 (4th Cir. 2003) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the law due to illiteracy or pro se status does not toll the

limitations period). In sum, petitioner has demonstrated neither that he pursued his rights diligently, nor that some extraordinary circumstance prevented the timely filing of his Mathis claim. Because the claim is untimely, petitioner's motion to vacate must be dismissed.

  b.  Petitioner's claim fails on the merits.

In Mathis, the Supreme Court held that when determining whether an offense qualifies as a predicate under the Armed Career Criminal Act ("ACCA"), the court must look to the statutory elements of the offense, rather than the means of commission, to assess if the statute's elements are the same as, or more narrow than, the generic offense found in the ACCA. 136 S. Ct. at 2247.

Petitioner's career offender status is based on numerous prior state convictions for controlled substance offenses, as defined not by the ACCA but by the Sentencing Guidelines.[1] In this case, petitioner had convictions for the sale of cocaine, possession with intent to sell or deliver cocaine, and conspiracy to deliver cocaine. (PSR ¶¶ 24, 31, 32, 35). Each of these offenses was punishable by more than one year and occurred after the petitioner turned 18 years old. (Id.)

Petitioner suggests that Mathis requires this court to find the state statute that provided the basis for his prior state convictions to be overly broad and therefore the convictions are invalid predicates. (DE 37). The Fourth Circuit's recent decision in United States v. Dozier is instructive. 848 F.3d 180 (4th Cir. 2017). In that case, the Fourth Circuit determined that West Virginia's "controlled substance offense" was a categorical match with the generic "controlled substance

---

[1] A "controlled substance offense" is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

5

offense," as contemplated by the Sentencing Guidelines. Dozier, 848 F.3d at 187–88. Under the same reasoning, North Carolina's "controlled substance offense" is a categorical match because the related elements are no broader than the generic offense. See Dozier, 848 F.3d at 187; compare U.S.S.G. § 4B1.2(b), and W. Va. Code § 60A–4–401(a) (2011),[2] with N.C. Gen Stat. Ann. § 90-95(a)(1) (2015).[3]

C.     Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DISMISSES petitioner's motion to vacate (DE 37), GRANTS the government's motion to dismiss (DE 41), and DENIES petitioner's motion to appoint counsel (DE 37). This court also DENIES certificate of appealability. The clerk is DIRECTED to close this case.

---

[2] West Virginia's controlled substance offense provides "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." W. Va. Code § 60A–4–401(a) (2011).

[3] North Carolina's controlled substance offense makes unlawful for any person "[t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." N.C. Gen Stat. Ann. § 90-95(a)(1) (2015).

SO ORDERED, this the 24th day of August, 2017.

                                                 LOUISE W. FLANAGAN
                                                 United States District Judge